UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-62507-CV-DIMITROULEAS**

RANDY JESUS OROPEZA ROMERO,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

Respondents.
_______________________________________/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Randy Jesus Oropeza Romero ("Petitioner")'s *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [DE 1], filed September 9, 2026. The Court has considered the Petition, the Respondents' September 14, 2026 Response [DE 6], notes that no Reply was filed by Petitioner[1], and is otherwise fully advised in the premises.

On August 17, 2026, Petitioner signed his Petition, arguing that his continued pre-removal-order detention violates his due process rights. [DE 1 at 4]. On August 25, 2026, an immigration judge ordered that Petitioner be removed from the United States to Venezuela. [DE 6-8]. Petitioner waived his right to appeal the immigration judge's removal order [*id.* at 4], rendering the removal order final. *See* 8 C.F.R. § 1003.39 ("[T]he decision of the Immigration Judge becomes final upon waiver of appeal[.] (alterations added)); *see also Fernandez v. U.S. Att'y Gen.*,

[1] The Court's September 10, 2026 Order permitted Petitioner to file a reply on or before September 18, 2026. *See* [DE 4].

No. 25-12931, 2026 WL 2654998, at *1 (11th Cir. Sept. 9, 2026) ("[Petitioner] waived appeal, making his removal order final." (alteration added)).

Petitioner's claim — that his pre-removal-order detention violates due process — is now moot. Petitioner is now subject to a final removal order and is, therefore, now being detained "pursuant to a wholly different statute[,] 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal." *De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003) (alterations added). Section 1231(a) provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Since Petitioner has been found inadmissible and is currently subject to the 90–day removal period, the Attorney General has the statutory authority to detain him. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien." (emphasis added)).

Because the Attorney General is now acting under § 1231, it is "unnecessary and altogether inappropriate" for this Court to address whether Petitioner's pre-removal-order detention violated his due process rights. *See De La Teja*, 321 F.3d at 1363 (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1339 (11th Cir. 2001) (noting that the "case or controversy" requirement of Article III unambiguously forbids the Court from considering the question in the absence of a live dispute)). Any opinion on the legality of Petitioner's pre-removal-order detention would be "purely advisory in nature, and therefore this issue has become moot." *Id.*

There are two exceptions to the mootness doctrine, which apply either when (1) "collateral consequences" remain, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); or (2) the injury is "capable of repetition yet evading review," *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). But Petitioner cannot satisfy either exception. The collateral-consequences exception does not apply because

nothing in this record shows any "disabilities or burdens which may flow" from the pre-removal detention Petitioner is challenging. *Carafas*, 391 U.S. at 237. The exception for actions that are capable of repetition yet evading review also does not apply to Petitioner's case because "the controversy at issue" — namely, the legality of Petitioner's pre-removal-order detention — "necessarily cannot arise again, as [Petitioner] is now, and will be, subject to a final order of deportation." *De La Teja*, 321 F.3d at 1363 n.3.

To the extent the Court construes the Petition as a challenge his post-removal-order detention under *Zadvydas*, the Petition would be subject to dismissal as premature. To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.")). Here, Petitioner's removal order became final on August 25, 2026, when Petitioner waived his right to appeal the removal order. [DE 6-8 at 4]. As such, the length of Petitioner's post-removal-order detention is presumptively reasonable under *Zadvydas*. *See Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1333 (11th Cir. 2021) ("If after six months he is still in custody and has not been removed from the United States, then he can challenge his detention under section 1231(a). But until then, his detention is presumptively reasonable under *Zadvydas*."), *overruled on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023*); see also Flores-Reyes*,

2026 WL 406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition [**DE 1**] is **DISMISSED** as moot.
2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.
3. The Clerk shall mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

Randy Jesus Oropeza Romero, *Pro Se*
A 244-490-299
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073